

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2006

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3452

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Singh v. Atty Gen USA" (2006). *2006 Decisions.* Paper 951.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/951

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 05-3452

————————

BINDER SINGH,
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,
Respondent

————————————————

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
Agency No. A75 309 698

————————————————

Submitted Under Third Circuit LAR 34.1(a)
May 26, 2006

Before:  RENDELL, AMBRO and ROTH[1], Circuit Judges.

(Filed:  June 6, 2006)
————————————

OPINION OF THE COURT
————————————

PER CURIAM

        Binder Singh, a native and citizen of India, petitions for review of an order of the

————————————————

[1]Effective May 31, 2006, Judge Roth assumed senior status.

Board of Immigration Appeals (BIA), which denied his third motion to reopen removal proceedings. We will deny the petition.

Soon after Singh's arrival in the United States, he applied for asylum. However, his attorney withdrew the application (allegedly without telling him) and waived his right to appeal. The Immigration Judge (IJ) entered an order noting the withdrawal of the application and granting voluntary departure on October 29, 2002. In November 2002, Singh, proceeding pro se, filed a motion to reopen, alleging ineffective assistance of counsel. However, he did not meet any of the requirements of Matter of Lozada, 19 I&N Dec. 637 (BIA 1988).[2] The IJ denied the motion to reopen on January 6, 2003 for failure to establish an ineffective assistance claim.

Singh then hired another attorney who filed a brief on appeal which dealt only with the merits of his asylum claim and did not address the ineffectiveness claim. The Board of Immigration Appeals (BIA) affirmed without opinion on November 19, 2003. Singh then filed a second motion to reopen with the BIA, presenting more articles in support of the

_____

[2] An alien's constitutional right to counsel in immigration proceedings is based on the Fifth Amendment's guarantee of due process. See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 374 (3d Cir. 2003). Before proceeding with a claim of ineffective assistance of counsel, an alien generally must comply with the procedural requirements of Lozada. See Lu v. Ashcroft, 259 F.3d 127, 132-33 (3d Cir. 2001). These procedural requirements include: (1) an affidavit detailing the relevant facts; (2) a response from counsel (or a statement of counsel's failure or refusal to respond) to the affidavit; and (3) documentation demonstrating that a complaint has been filed with the appropriate disciplinary authorities. Lu, 259 F.3d at 132. The failure to file a disciplinary complaint against counsel is not fatal if the alien provides a reasonable explanation for his decision. Id. at 134.

asylum claim. The BIA denied the motion, stating that it was "not supported by evidence that is material and could not have been discovered or presented" at his prior hearing. Singh then filed a pro se motion to reopen, his third, claiming that his three prior attorneys were ineffective. The BIA denied the motion on May 31, 2005, noting that Singh's ineffectiveness claim had already been considered and rejected, that he had provided "little more information about his claims against the first attorney than what was provided before the Immigration Judge in 2002," and that he had improperly served his motion on the Department of Homeland Security (DHS) in San Francisco, even though his immigration hearing had taken place in New Jersey. Singh filed a timely petition for review.[3]

This court's review extends only to the BIA's order denying Singh's third motion to reopen. See Stone v. INS, 514 U.S. 386, 405 (1995); Nocon v. INS, 789 F.2d 1028, 1033-34 (3d Cir. 1986). The decision to deny a motion to reopen is within the Board's discretion. See 8 C.F.R. § 1003.2(a); Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001). Under the regulations, the Board "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a). The standard of review of an order denying a motion to reopen is very deferential. INS v. Doherty, 502 U.S. 314, 323 (1992) (stressing that motions to reopen immigration proceedings are disfavored and confining review to abuse of discretion).

---

[3] Singh erroneously filed his petition for review in the United States Court of Appeals for the Ninth Circuit. That Court transferred the petition to this Court on July 15, 2005.

Singh has not shown that the BIA abused its discretion in failing to reopen proceedings. We have stated that the Lozada requirements are "a reasonable exercise of the Board's discretion." Lu, 259 F.3d at 132. The IJ cited the Lozada requirements in his decision denying Singh's first motion to reopen, thus putting Singh on notice of the requirements. Yet, his third motion to reopen does not satisfy the Lozada requirements. Singh did not include an affidavit attesting to the relevant facts, nor did he provide any evidence that he notified his former attorneys and gave them an opportunity to respond. Further, as the BIA noted, he served his motion on the wrong government office. We therefore find that the BIA did not abuse its discretion in denying the motion, and we will deny the petition for review.